ORENE K. ROOT AND W. CLARENCE ROOT, PLAINTIFFS-APPELLANTS, v. LUMBER MUTUAL CASUALTY INSURANCE COMPANY, A CORPORATION, DEFENDANT-RESPONDENT.

Argued October 17, 1935—Decided January 31, 1936.

For the plaintiffs-appellants, *Heine, Laird & Thiele.*

For the defendant-respondent, *McCarter & English, Augustus C. Studer, Jr.*

The opinion of the court was delivered by

BODINE, J. The plaintiffs having recovered a judgment, still unsatisfied, by reason of an automobile collision with one Stone, brought an action under the statute against the defendant insurance company. Stone had been insured in the defendant company against loss while operating a "1929 model" Nash sedan. At the time of the accident, he was driving a "1931 model" having traded cars without attending to the transfer of insurance. It is conceded that the nonsuit was proper, unless the proofs established either a waiver or an estoppel. It is important to note that the company had no knowledge that the insured had exchanged cars until after the accident.

If a company insures against loss by fire occurring on Blackacre, it is obvious that it is under no obligation for a fire on Whiteacre simply because the owner of Blackacre, previous to the fire, exchanged that property for Whiteacre. The policy in suit indemnified the insured against liability imposed by law by reason of the use of a specified automobile and no liability occurred from such use. The injury to the plaintiff occurred while Stone was driving an uninsured car. The indemnity is from damages caused by the use of specified property. Whatever the defendant company did or not do with respect to the premiums on the policy covering the car not involved in the accident is immaterial. The company never asserted that it did not insure the risk in the operation of the 1929 car, but it did assert, as it had a right to do, that it had never written a policy covering the use of the 1931 car. In fact it was not requested to insure such risk until after the accident occurred.

The policy in suit specifically provides that no changes should be made therein, except by endorsement signed by the president or one of the vice-presidents and by the secretary or assistant secretary. Mere statements by a so-called "resident representative in New Jersey," without proof of his authority, could not be the basis for an estoppel against the assertion of a defense predicated upon the clearly expressed terms of the instrument itself. Further, had it

been legally possible, in spite of the provision of the policy to vary the terms of the writing by parol, still there is nothing to indicate that the insured in any legal sense altered his position by reason of the assertion by the representative that the company would protect him. The loss had been incurred. He was promptly notified that the company disclaimed all liability and he was afforded full opportunity to defend himself. The bare assertion by a representative whose authority was not shown, that an insurance company would take care of an uninsured loss could not amount to a waiver of the fundamental requirement that the company's policies be in writing duly signed, nor could the company thereby be estopped from asserting that its liability was fixed by the terms of its contracts and not by the vague assertions of a so-called resident representative.

The judgment is affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, JJ. 13.

*For reversal*—None.